IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON LEININGER,

      Plaintiff,

      v.

UNITED STATES OF AMERICA AND
MARK WISNER,

      Defendants.

Case No. 16-2627-DDC

## MEMORANDUM AND ORDER

This case is before the court on defendant United States of America's Motion to Exclude the June 29, 2020 Deposition of Mark Wisner from Trial Pursuant to Federal Rule of Civil Procedure 30(d)(2) (Doc. 133). Shortly before trial began, counsel conducted a deposition of Mark Wisner, an inmate in a Kansas correctional facility and defendant in this case, to preserve his testimony for trial. In an earlier discovery deposition, Mr. Wisner had invoked his Fifth Amendment right and refused to answer questions. During the June 2020 deposition, however, Mr. Wisner gave substantive responses to questions asked by plaintiff's counsel. But, he again invoked the Fifth Amendment in response to many of defense counsel's questions.[1]

The current motion turns on questions asked by defense counsel about a discussion between plaintiff's counsel and Mr. Wisner shortly before the deposition. Defense counsel argues that plaintiff's counsel improperly objected to the questions, which frustrated fair cross-examination of Mr. Wisner. To remedy this impropriety, defendant United States asks the court to exclude from trial any testimony Mr. Wisner gave during the June 2020 deposition.

---

[1] Defense counsel represents the United States of America; not Mr. Wisner. Mr. Wisner proceeds pro se and has not meaningfully participated in this case.

Federal Rule of Civil Procedure 20(c) requires that examination during a deposition must proceed as it "would at trial." Objections "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). And the court may impose an appropriate sanction if counsel "impedes, delays or frustrates the fair examination of the deponent." *Id.* 30(d)(2); *see also Kindergartners Count, Inc. v. DeMoulin*, 209 F.R.D. 466, 469 (D. Kan. 2002) ("The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent."). Sanctions, however, are discretionary—not required. *Nebeker v. Nat'l Auto Plaza*, 643 F. App'x 817, 826 (10th Cir. 2016) (citing Fed. R. Civ. P. 30(d)(2)).

In a letter to the court dated June 22, 2020, Mr. Wisner indicated that it was his "intent to claim Fifth amendment rights on any testimony and/or deposition because of no legal representation." (Doc. 149 at 1–2.) On June 25—four days before his deposition—Mr. Wisner talked with plaintiff's counsel voluntarily. Then, on June 29, Mr. Wisner answered many of the questions asked by both plaintiff and defendant's counsel. But, he invoked the Fifth Amendment in response to some questions posed by defense counsel. Specifically, defense counsel asked Mr. Wisner what he had talked about on June 25 with plaintiff's counsel. The following exchange ensued:

> Q. [DEFENSE COUNSEL:] Okay. And what did you talk about, if anything, with [plaintiff's counsel]?
> [PLAINTIFF'S COUNSEL]: Work product. He is not required to answer that. He's a party in this case.
> [DEFENSE COUNSEL]: He's not your client.
> [PLAINTIFF'S COUNSEL]: I understand. I am asserting my client's objection to work product. If he wants to assert his –
> [DEFENSE COUNSEL]: Which does not – which does not apply to Mr. Wisner.

2

[PLAINTIFF'S COUNSEL]: No, it applies to my client.  But Mr. Wisner as a party has his own work product that he can assert as well.

[DEFENSE COUNSEL]: Again, you are not permitted to advise him because –

[PLAINTIFF'S COUNSEL]: I'm not advising him.

[DEFENSE COUNSEL]: That's an improper objection.

[PLAINTIFF'S COUNSEL]: I'm not advising him.  I'm not advising him.  I'm asserting my client's right, and I was clarifying because you said that I can't assert it for Mr. Wisner.  I can't, but he can assert it himself if he wants.

[DEFENSE COUNSEL]: Again, I'm going to ask the question again.

BY [DEFENSE COUNSEL]:

Q. Mr. Wisner, what, if anything, did you and [plaintiff's counsel] talk about prior to today's deposition?

A. I'm confused, so I'm just going to admit [sic] to the Fifth Amendment to that because I have no idea what you're getting at.

Q. But you told me just a moment ago, sir, that you spoke with [plaintiff's counsel] prior to today's deposition; is that correct?

A. Yes.

[PLAINTIFF'S COUNSEL]: Asked and answered.  He's asserted his Fifth Amendment.  **Are you going to try to talk him out of it like all DOJ prosecutors?**

[DEFENSE COUNSEL]: [Counsel], that's enough.  He said he was confused and I'm trying to get to the bottom of his confusion.  He can decide whether he wants to answer the question.

[PLAINTIFF'S COUNSEL]: Fair enough.

BY [DEFENSE COUNSEL]:

Q. How long – how long, sir, did you speak with [plaintiff's counsel] prior to today's deposition?

A. I'm just going to plead the Fifth Amendment on that question, you know, in regards to whatever you're trying to drive at.

Q. Sir, well, let me – let me be very clear since we're on the record.  The only think I'm driving at is what it was, if anything, you talked with [plaintiff's counsel] about prior to today's deposition; that's what I'm asking you, sir.

[PLAINTIFF'S COUNSEL]: Asked and answered.  He pled the Fifth.

A. Again, I plead the Fifth to your question.

3

(Doc. 134-1 at 37–40 (emphasis added).)

The objections by plaintiff's counsel were plainly improper. Mr. Wisner is not a client of plaintiff's counsel. *See In re Grand Jury Proceedings*, 156 F.3d 1038, 1042 (10th Cir. 1998) ("The work product privilege only extends to documents prepared by an attorney for the client in anticipation of litigation.") (emphasis added). He cannot assert the work product doctrine on Mr. Wisner's behalf and certainly, he cannot advise Mr. Wisner to assert the doctrine on his own behalf. *See AKH Co., Inc. v. Univ. Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2016 WL 141629, at *3–4 (D. Kan. Jan. 12, 2016) (citing District of Kansas Deposition Guidelines and noting that coaching and speaking objections are prohibited); Deposition Guidelines of the United States District Court for the District of Kansas, ¶ 5(a) ("Objections shall be concise and shall not suggest answers to or otherwise coach the deponent.").

Equally improper was counsel's comment about "DOJ prosecutors." No lawyer in this case is a prosecutor. It's a civil case. Working as an attorney employed by the Department of Justice does not make defense counsel a prosecutor. The court can't say that counsel purposefully misapplied the prosecutor label to make the witness—already incarcerated by the work of a state prosecutor—wary of responding to defense counsel's questions. But that inference isn't necessary to decide whether plaintiff's counsel acted improperly. He did. The court thus must decide whether a sanction is appropriate. And, if so, what sanction?

As previously noted, Rule 30(d)(2) provides, "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." An "appropriate sanction" leaves the court much discretion to determine the appropriate sanction under the facts presented. Courts generally use Rule 30(d)(2) when someone other than the

4

deponent—like an attorney—interrupts the deposition.  *See, e.g.*, *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 4688836, at *8 (D. Kan. Oct. 6, 2011) (applying Rule 30(d)(2) to counsel who violated Rule 30(c)(2) by directing the deponent not to answer).

Mr. Wisner's deposition was a relatively short one.  Plaintiff frustrated the fair cross-examination of Mr. Wisner.  But this conduct was not repeated throughout the deposition; it only pertained to the isolated topic of counsel's pre-deposition discussion with Mr. Wisner.  In an ordinary case, it might not justify any sanction.

But this is not the ordinary case and sanctions are justified.  The obstruction by plaintiff's counsel prevented defense counsel from inquiring about issues that go to the heart of Mr. Wisner's credibility.  Mr. Wisner's actions form the basis for all of plaintiff's claims and Mr. Wisner is a co-defendant.  He is the only person who can testify from personal knowledge about his intentions at the time of his conduct.  And his intent bears on whether plaintiff can hold the government responsible for those actions.  Defense counsel should have received the opportunity to ask Mr. Wisner about potential influences on his testimony without plaintiff's unjustified interruption.  Ultimately, those objections appear to have confused Mr. Wisner and contributed to his decision to refuse to answer defense counsel's questions.

The court allowed plaintiff to take Mr. Wisner's deposition shortly before trial to preserve his trial testimony, given the complications that the COVID-19 pandemic caused for transporting an inmate to court to give testimony.  His answers to questions by plaintiff's counsel encompass most of the evidence plaintiff cites to show Mr. Wisner's intent in plaintiff's Proposed Findings of Fact and Conclusions of Law.  (Doc. 158 at 29–31.)  Trying to discern whether the June 25 conversation between plaintiff's counsel and Mr. Wisner influenced his

5

decision to testify or the content of his testimony is a critical issue. Impeding defense counsel's efforts to examine the witness does warrant a sanction.

Defendant has not requested monetary sanctions. Instead, defendant asks the court to strike the June 29 deposition. Plaintiff responds that striking the entire deposition is not commensurate with the severity of his counsel's infractions. Perhaps in a different case, plaintiff's argument might carry more weight. But here, striking the deposition testimony best fits the infraction. Monetary penalties would not balance the advantage plaintiff gained by getting answers from Mr. Wisner to his questions but effectively obstructing defense counsel's cross-examination. That cross-examination aimed to establish the scope, if any, of his pre-deposition conversations with plaintiff's counsel. To consider Mr. Wisner's answers to the other questions in the deposition would give plaintiff an unfair advantage based on his counsel's improper objections. *See United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1277 (10th Cir. 2008) ("It is well established that in a civil case a district court may strike conclusory testimony if the witness asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause.").

And even if the court didn't strike Mr. Wisner's testimony, it would not influence the outcome of the case. The court finds (and this finding will apply to the court's final Findings of Fact and Conclusions of Law) that Mr. Wisner's testimony in the second deposition is not credible. Indeed, plaintiff counsel's insistent objections cast even more doubt on Mr. Wisner's testimony than hearing about the actual conversation would have imposed. Without knowing what plaintiff's counsel and Mr. Wisner discussed before the deposition, the court cannot find that the testimony was unbiased or worthy of credence. Under the peculiar circumstances of this case—and giving particular attention to the fact that this is a bench trial—the court determines

that Mr. Wisner's testimony in his second deposition is not credible or, at most, duplicates other evidence. So then, for that additional reason, the court will not consider it when it decides this case.

Plaintiff counsel's objections were improper, and so were some of his comments. As a sanction and in the interests of fairness, the court strikes the entire June 29, 2020 deposition of Mr. Wisner from the record. And in any event, the court, as trier of fact, finds Mr. Wisner's testimony in that deposition is not credible.

**IT IS THEREFORE ORDERED** that defendant United States of America's Motion to Exclude the June 29, 2020 Deposition of Mark Wisner from Trial Pursuant to Federal Rule of Civil Procedure 30(d)(2) (Doc. 133) is granted.

**IT IS SO ORDERED.**

**Dated this 2nd day of November, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**