FOR THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| John Doe A.L. ) | |
| ) | |
| Plaintiff, ) | Case no. 16-CV-02627 |
| v. ) | |
| ) | |
| United States of America ) | |
| ) | |
| and ) | |
| ) | |
| Mark E. Wisner ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO RECONSIDER ORDER STRIKING
DEPOSITION TESTIMONY OF MARK E. WISNER**

Plaintiff moves for Reconsideration of the Court's Order striking the deposition testimony of Mark E. Wisner. In support of this motion, Plaintiff states as follows:

1. On July 1, 2020, the United States filed a Motion to Exclude the June 29, 2020 Deposition of Mark Wisner from Trial Pursuant to Fed. R. Civ. P. 30(d)(2). ECF 133.

2. On July 6, 2020, Plaintiff filed his opposition. ECF 139.

3. On November 2, 2020, 12:43 P.M., the Court entered its Order granting the United States' Motion and Striking the June 29, 2020 Deposition of Mark Wisner from Trial. ECF 161.

4. Approximately three minutes later, the Court entered its Judgment in this case. ECF 162.

5. Plaintiff's counsel has now tried a total of three cases stemming from Wisner's conduct at the VA.

6. Plaintiff's counsel did not know how the Court was going to rule on this motion in any of these matters.

1

7. Plaintiff's counsel understands that the Court has ruled that counsel's speaking objection was improper, however, Plaintiff respectfully submits that the Court's Order of Sanctions is a severe penalty in light of the circumstances.

8. The United States motion takes issue with the fact that Wisner asserted his Fifth Amendment Right not to answer two questions. As Plaintiff pointed out in his opposition, Wisner answered over 70% of the questions raised by the United States.

9. In its Order, the Court stated: "[Plaintiff's counsel] cannot assert the work product doctrine on Mr. Wisner's behalf and certainly, he cannot advise Mr. Wisner to assert the doctrine on his own behalf." ECF 161, P.4.

10. Plaintiff's counsel did not assert the work product doctrine on Mr. Wisner's behalf. In fact, Plaintiff's counsel clarified that issue **four times** on the record. ECF 139, Exhibit B, 37:24 to 38:16.

11. Plaintiff's counsel acknowledges that he misstated his objection the first time, however, he tried repeatedly to correct himself and the record clearly supports this.

12. More importantly, Wisner never asserted the work product doctrine. Wisner asserted his Fifth Amendment right and refused to answer the question.

13. Moreover, there is absolutely no evidence that Wisner was ever going to answer the question to begin with.

14. The same holds true with the United States' attempt to "probe Mr. Wisner's invocation of the Fifth Amendment" on another question. ECF 134, P. 4.

15. Again, Plaintiff's counsel admits that he lost his temper and should not have raised a speaking objection. However, there is no evidence that Mr. Wisner was going to reverse himself in response to the United States' loaded question and withdraw his invocation of the Fifth

Amendment. Over two depositions, he has consistently pled the Fifth Amendment to any question that could incriminate him.

16. Common sense tells us that he was never going to answer the United States' loaded and incriminating question. He was never going to incriminate himself and that's exactly what the United States' question asked of him. Again, he had already asserted his Fifth Amendment eight times in this deposition prior to that question. ECF 139, P. 8.

17. Plaintiff's counsel understands the high burden which must be met for a Court to reconsider its ruling. However, Plaintiff contends that the United States suffered no harm as a result of Plaintiff counsel's objections.

18. As the Court noted in its Order:

> "[Plaintiff counsel's] conduct was not repeated throughout the deposition; it only pertained to the isolated topic of counsel's pre-deposition discussion with Mr. Wisner. In an ordinary case, it might not justify any sanction."

ECF 161, P. 5.

19. Plaintiff respectfully submits that an Order of sanctions is a severe penalty for this isolated issue.

20. In 18 years, Plaintiff's counsel has never been sanctioned by a Court.

21. Plaintiff's counsel has been litigating the Wisner cases for over four and a half years now. In that time, he has never been subject to a discovery motion, let alone a motion for sanctions.

22. Now, for the rest in his career, every time Plaintiff's counsel fills out a Motion to Appear *Pro Hac Vice* or applies for license in another state he will have to disclose that he has been sanctioned by a Federal Court.

23. Plaintiff's counsel respectfully submits that this is a severe penalty, particularly in light of the Court's finding that Wisner's testimony from his second deposition did not "influence

the outcome of the case." ECF 161, P. 6. The Court further explained that it found "Mr. Wisner's testimony in the second deposition is not credible." *Id.*

24. Plaintiff's counsel respectfully submits levying a sanction against Plaintiff's counsel that will follow him for the rest of his career for a speaking objection, which was an isolated incident, to two questions in a deposition, for a case that has been pending for four and a half years, and which the court found not credible, and which did not impact the outcome of the case, is a severe penalty that far exceeds the conduct at issue, and the impact it actually had on the deposition and the case as a whole.

25. Additionally, Plaintiff's counsel hereby withdraws his designations of Mr. Wisner's deposition testimony from his second deposition for not only this case, but for the John Doe P.M. (16-cv-2635) and the John Doe D.P. (16-cv-2276) cases. Plaintiff's counsel further represents that he will not attempt to designate any of Mr. Wisner's testimony from his second deposition for any of the remaining cases before this Court.

26. Plaintiff submits that these withdrawals and representations render the United States' Motion moot.

27. Plaintiff's counsel has conferred with counsel for the United States. As of this filing, the United States has not had a chance to make a decision on whether it will oppose Plaintiff's motion.

28. Plaintiff's counsel submits that neither of the defendants will be prejudiced by this motion in light of the Court's findings on the evidentiary value of the deposition and Plaintiff counsel's representations in paragraph 25 above.

Based on the foregoing, Plaintiff respectfully requests the that Court enter an Order GRANTING Plaintiff's Motion to Reconsider and DENY Defendant United States' Motion to Exclude the June 29, 2020 Deposition of Mark Wisner as MOOT.

Respectfully submitted,

Humphrey, Farrington, & McCLAIN, P.C.

*/s/ J'Nan C. Kimak*
Michael S. Kilgore     #23025
J'nan   C. Kimak       #21927
Daniel A. Thomas     *pro hac vice*
Nichelle L. Oxley    *pro hac vice*
Humphrey, Farrington & McClain, P.C.
221 West Lexington Ave., Ste. 400
Independence, Mo 64051
(816) 836-5050
(816) 836-8966 –fax
msk@hfmlegal.com
jck@hfmlegal.com
dat@hfmlegal.com
nlo@hfmlegal.com
Attorneys for plaintiff

**CERTIFICATE OF SERVICE**

  Plaintiff's counsel hereby certify that on this 16th day of November 2020, the foregoing was filed using the ECF system, which will send a notice of electronic filing to all registered attorneys of record

Christopher Benson
Virginia Jackson Elliott
Sarah Haston
Larry Eiser
U.S. Dept. of Justice – Torts Branch
1331 Pennsylvania Ave., N.W., Room 8010n
Washington, D.C. 20004
(202) 616-4561
Fax: (202) 616-5200
sarah.e.haston@usdoj.gov
christopher.benson@usdoj.gov
virginia.j.elliott@usdoj.gov
Larry.eiser@usdoj.gov
Attorneys for Defendant USA

  Plaintiff's counsel further certify that a true copy of the foregoing was sent via first-class, postage prepaid U.S. mail this same date upon defendant Mark E. Wisner, who appears *pro se*, at the following address:

Mark E. Wisner
Norton Correctional Facility
Po Box 546
Norton, KS 67654-0546
*Pro Se* Defendant

                */s/ J'Nan C. Kimak*
                Attorney for Plaintiff