IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AARON LEININGER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA AND MARK WISNER,<br><br>Defendants. | Case No. 16-2627-DDC |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiff's Motion to Reconsider Order Striking Deposition Testimony of Mark E. Wisner (Doc. 164). In a Memorandum and Order entered November 2, 2020, the court held that plaintiff's counsel made improper objections and comments during the June 29, 2020 deposition of Wisner. As a Rule 30(d)(2) sanction and in the interests of fairness, the court struck the entire June 29, 2020 deposition from the record. The court also found as trier of fact that Wisner's testimony in that deposition was not credible.

D. Kan. Rule 7.3(b) requires a movant to base its motion for reconsideration on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v.*

*Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *see also Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting "the decision to grant reconsideration is committed to the sound discretion of the district court").

Plaintiff makes two arguments why the court should reconsider its decision to strike Wisner's deposition:  (1) the result is manifestly unjust because the penalty is too severe; and (2) plaintiff has rendered the ruling moot by withdrawing his designation of Wisner's deposition in this case and two others, and by agreeing not to designate the transcript in other cases.  Neither argument merits reconsideration.

First, plaintiff's concern about the lasting negative effect of the court's ruling does not justify reconsideration.  Plaintiff argues that counsel's objections and comments did not actually change the outcome of the deposition; he contends that Wisner would not have answered the government's questions in any event.  Arguing that the government suffered no harm, plaintiff's counsel implores the court to consider his sanction-free record in this case and others.  He claims that because of this court's order, plaintiff's counsel will have to disclose that he has been sanctioned by a federal court when he moves to appear *pro hac vice* or applies for a license in another state.

Plaintiff's arguments are a variation on his prior argument that striking the deposition was not commensurate with the severity of counsel's infractions.  (Doc. 139, at 5.)[1]  The court already considered plaintiff's "severity" argument, and while the current version differs slightly

---

[1] In plaintiff's response to defendant's motion to exclude, plaintiff argued:

> The statements at issue here do not remotely rise to the level of justifying any type of sanction, let alone one as severe as striking a party witnesses' deposition.  Plaintiff's counsel has been litigating eight (8) separate Wisner-related cases for over four (4) years.  Over this extensive course of litigation, Plaintiff's counsel has never once been subject to a motion to compel, let alone a motion for sanctions.

from its predecessor, a motion to reconsider is neither a place to rehash prior arguments nor raise new ones. *Ferluga*, 236 F.R.D. at 549 (citation omitted).

To be clear, the court did not levy a Rule 11-type sanction on counsel, or any type of sanction that requires a finding of bad faith. Instead, the court applied a "sanction" under Rule 30(d)(2)—the word that the rule itself uses—as a discovery penalty. Counsel breached the discovery rules during a deposition, and the most fitting penalty for his actions under the circumstances was striking the deposition testimony. If plaintiff had presented the testimony live at trial and made the same objections and comments, the court likely would have struck the testimony and comments from the record.

This Rule 30 "sanction" is not the type of sanction that must be disclosed to the District of Kansas by *pro hac vice* movants, and the court anticipates other courts will view it similarly. *See Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 6934112, at *3, *4 (D. Kan. Dec. 30, 2011) (rejecting a similar argument about the potential effect of a Rule 30(d)(2) sanction, but ultimately electing to withdraw the sanctions *sua sponte*)[2]; Affidavit in Support of Motion for Leave to Appear Pro Hac Vice (form), http://ksd.uscourts.gov/index.php/forms/?open=CivilForms (requiring District of Kansas applicants to verify that "[n]o disciplinary or grievance proceedings" are pending or have previously been filed against them, and that they have not been charged in any court with

---

[2] Specifically, *Layne* noted:

> The Court does not view the monetary sanction imposed for a Rule 30(c)(2) infraction as impacting Mr. Levine's *pro hac vice* status in this Court. Although Mr. Levine engaged in sanctionable conduct under Rule 30(d)(2), his misunderstanding of Rule 30(d)'s requirements does not call into question his qualifications to practice law in this Court. Nor does he or Defendant identify any other court where his professional integrity would be affected. A sanction under Rule 30(d)(2) does not result from any disciplinary proceedings or a charge of unprofessional conduct. It is a procedural sanction to determine which party or attorney should in fairness bear the monetary cost of disputed discovery.

"unprofessional conduct").  Counsel's infraction involved neither disciplinary proceedings nor charges of unprofessional conduct.  Instead, the infraction violated the Federal Rules of Civil Procedure and the court imposed a remedy for that violation authorized by those rules.  The court referred to the remedy as a "sanction" because the governing rule of procedure uses that word.  To the extent that counsel seeks to appear before another court that requires disclosure of this court's order striking the deposition, counsel may also submit this Memorandum and Order to manifest this court's intent to impose a tailored discovery penalty—not a sanction involving disciplinary proceedings or charges of unprofessional conduct.

Simply put, the court's decision was not manifestly unjust.  The District of Kansas has applied a high standard to claims of manifest injustice, requiring that the injustice be "apparent to the point of being indisputable."  *Layne Christensen Co.*, 2011 WL 6934112, at *2 (quoting *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011)).  Counsel may not like the court's decision and may fear lasting repercussions (although the court disagrees with counsel's assessment), but this does not create an injustice.  And certainly it does not create injustice that is apparent to the point of being indisputable—particularly when a "sanction" under Rule 30(d)(2) is discretionary with the court.  *See Nebeker v. Nat'l Auto Plaza*, 643 F. App'x 817, 826 (10th Cir. 2016).

And finally, while the court appreciates plaintiff's effort to avoid further litigation about Wisner's deposition, withdrawal of the offer at this stage of the proceeding does not moot the court's order.  The controversy would have been moot had plaintiff decided to withdraw designation of Wisner's deposition *before* learning about the court's decision.  Now, plaintiff knows that the court also finds Wisner's testimony not credible.  (Doc. 161, at 6.)  Given this awareness, counsel won't risk the loss of critical evidence by agreeing not to designate the

4

deposition in other cases.  Plaintiff now has the benefit of knowing that although the court found Wisner's deposition not credible, the court still found sufficient evidence of Wisner's mixed motives to hold the government responsible for Wisner's actions.  (Doc. 162, at 6–8, 23.)  Under these circumstances, it is unjust for plaintiff to change his position and claim mootness.  There was a justiciable controversy when the court made its decision, and claiming mootness after-the-fact, to avoid the consequences of counsel's actions now that plaintiff knows the ultimate outcome of the case—which was favorable for him—cannot change that procedural fact.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Order Striking Deposition Testimony of Mark E. Wisner (Doc. 164) is denied.

**Dated this 8th day of January, 2021, at Kansas City, Kansas.**

>
> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**